

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00181-CV

———————————————

HUONG GILMER, Appellant

V.

MOORE FARM OWNERS ASSOCIATION, INC., Appellee

---

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. 21-4434-431

---

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

This appeal is from a trial court's order holding pro se appellant Huong Gilmer in contempt for violating the terms of an agreed judgment. We dismiss the appeal and deny any alternatively pleaded mandamus relief.

## I. BACKGROUND

Appellee Moore Farm Owners Association, Inc. (the Association) sued Gilmer and David Hoang[1] for breach of restrictive covenants that prevented short-term leasing in a planned-unit development in Carrollton, Texas. Gilmer entered into an agreed judgment with the Association pursuant to which she was permanently enjoined from breaching the covenant against short-term leasing.

Eight months after the trial court signed the agreed judgment, the Association filed a motion for contempt and for sanctions, alleging that Gilmer had violated the agreed judgment by "offer[ing] and continu[ing] to offer the[] Property for rent on a daily basis." In June 2022—after an evidentiary hearing at which the trial court heard evidence from a police officer who had responded to an incident at the home[2] and from a neighbor familiar with Gilmer who had personally witnessed a large number of

---

[1]In March 2023, the Association filed a notice of nonsuit of its claims against Hoang; the trial court signed an order granting the nonsuit on May 5, 2023.

[2]The person to whom the police officer talked said he was an Airbnb renter and that he knew the owner, referring to her as a female: "I just know the owner[;] . . . she's Asian."

people coming and going from the home[3]—the trial court granted the contempt motion, finding that "Gilmer violated the Agreed Judgment by offering the Unit for rent on a daily basis and leasing the Unit for a term of less than thirty (30) days or for transient purposes." The trial court ordered Gilmer to pay the Association $27,969.34 in reasonable and necessary attorney's fees and expenses and a fine of $500. Gilmer appealed.[4]

## II. APPEAL DISMISSED AND MANDAMUS RELIEF DENIED

Gilmer makes several complaints in her appeal: (1) the Association did not personally serve her with the contempt motion;[5] (2) she was denied her right to procedural due process because the trial court should have treated the contempt proceeding as seeking criminal rather than civil contempt and because the Association's attorney had used her silence against her;[6] and (3) the Association did

---

[3]The neighbor testified that Gilmer had nine people staying in the home two days before the contempt hearing.

[4]The Association filed a second contempt and enforcement motion in July 2023, alleging that Gilmer had committed additional violations of the agreed judgment after June 3, 2022. An August 2023 docket entry indicates that the trial court denied this motion.

[5]The Association filed a supplemental clerk's record with an Affidavit of Service, proving that Gilmer was personally served with the contempt motion, show-cause order, and notice of hearing on the motion.

[6]Gilmer was represented by counsel at the contempt hearing and did not testify. Gilmer's counsel did not object when the Association's attorney argued during closing:

not prove that she personally violated the agreed judgment's terms. Although Gilmer does not challenge the imposition of the fine or the attorney's-fees award with any argument or authority, she asks that this court order the Association "to return all sums paid to them by [her] for fines [of] $500.00 and attorney fees of $27,969.34."[7]

The Association contends that we have no jurisdiction to review the trial court's contempt order by direct appeal and that even if we construe the appeal as a petition for writ of mandamus, Gilmer is not entitled to relief because the evidence supports the trial court's finding that she violated the agreed judgment and because Gilmer did not preserve her other complaints for review. We agree.

Contempt orders are not appealable even when appealed along with an appealable judgment and even when they contain attorney's fees as sanctions. *In re J.R.-H.*, No. 02-23-00019-CV, 2023 WL 2429797, at *1 (Tex. App.—Fort Worth

---

Today was her day to sit on the stand. If they want to take all these credibility issues and say our evidence isn't credible, she didn't take the stand. They rested. She's sitting on her hands, you know. This is her chance to say in court I didn't do this, I didn't do this, I didn't do this.

[7]The trial court admitted the Association's lode-star attorney's-fees evidence without objection. Gilmer's attorney stated that although the exhibits appeared to be "reasonably accurate," he argued that the hourly rate was too high. The Association's counsel testified about his education and experience, his areas of practice and specialty, the attorneys' and paralegal's hourly rates, and his opinion that the fees reflected in the invoices and exhibits were reasonable, necessary, and customary "for the nature of this matter in the State of Texas, including Denton County, Texas." He also testified that because he has a high-volume "HOA" practice, the hourly rates were "lower than they otherwise would be."

4

Mar. 9, 2023, pet. denied) (per curiam) (mem. op.). Thus, we have no jurisdiction over Gilmer's appeal from the trial court's contempt order.

Even if we were to construe Gilmer's appeal as a mandamus proceeding,[8] we would deny relief. *See id.* (noting that contempt orders that do not involve confinement may be reviewed only via mandamus); *see also* Tex. R. App. P. 52.8(a).

### III. CONCLUSION

We dismiss the appeal and deny any alternatively pleaded mandamus relief.

/s/ Brian Walker

Brian Walker
Justice

Delivered: December 28, 2023

---

[8] *Cf. CMH Homes v. Perez,* 340 S.W.3d 444, 452 (Tex. 2011) (construing impermissible interlocutory appeal as mandamus proceeding upon appellant's request and remanding to court of appeals for consideration as such).